09-3039-ag
Tafani v. Holder

BIA
A097 485 862

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
>> *Circuit Judges.*

_____

TETOR TAFANI,
> *Petitioner,*

v.                                        09-3039-ag

                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, New York, New York

FOR RESPONDENT:        Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tetor Tafani, a native and citizen of Albania, seeks review of a June 17, 2009, order of the BIA denying his motion to reopen. *In re Tetor Tafani*, No. A097 485 862 (B.I.A. June 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1),(2). It is beyond dispute that Tafani's motion to reopen was untimely. However, the time and number

2

limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

8 C.F.R. § 1003.2(c)(3)(ii).

Tafani argues that the BIA failed to consider an affidavit from Prenk Camaj, in which Camaj asserted that conditions in Albania had worsened.  This argument is unavailing.  While the BIA has an obligation to consider the "record as a whole," and may abuse its discretion by denying a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim," *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001), it is not required to "expressly parse and refute...each individual...piece of evidence offered by the petitioner." *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).  Although Tafani argues that Camaj's affidavit indicates that conditions are worse than those reflected in the State Department Country Report, the BIA did not abuse its discretion by determining that any changes were insufficient to warrant reopening and were, in fact, "slightly improved."

3

*See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous").

We have previously taken judicial notice of the fact that country conditions in Albania have improved rather than worsened for Democratic Party supporters since Albania's 2005 elections. *See, e.g., Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006). On this record, we cannot conclude that the BIA erred in evaluating Tafani's evidence. *See Ke Zhen Zhao*, 265 F.3d at 93; *Jian Hui Shao*, 546 F.3d at 169. Thus, we will not disturb its denial of Tafani's untimely motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4